BEFORE THE SECOND DIVISION, NOVEMBER 28, 1940

No. 44799.—Petition 5670–R of Railway Express Agency, Inc. (Tampa).

KINCHELOE, Judge: This is a petition filed under the provisions of section 489, Tariff Act of 1930, praying for the remission of additional duties accruing under that section by reason of the final appraised value of a certain diamond ring imported from Havana, Cuba, exceeding the value stated on entry by the petitioner at the port of Miami, Fla.

The evidence introduced herein by petitioner establishes the following facts:

One George F. Moran purchased in a pawn shop in Havana, Cuba, a diamond ring at a price of $65, and presented it, together with a properly prepared shipper's invoice, at the Havana office of the Railway Express Agency, Inc., the petitioner herein, for shipment to his 5-year-old daughter in Brooklyn, N. Y. Petitioner's agent in Havana accepted the package containing the ring and, without making any examination thereof and without any knowledge of its value other than what appeared on the invoice, shipped said diamond ring together with the invoice showing the value of $65 to petitioner's office at Miami, Fla. Upon arrival of the shipment at Miami, petitioner's foreign agent stationed at its office there entered said diamond ring at the invoice value of $65. In so doing said foreign agent followed his practice of 12 years of relying solely on the value stated on the shipper's invoice, and did not examine the merchandise or make any inquiry concerning the character thereof. The appraiser, after examining the diamond ring in question, and showing it to several jewelers in the trade, and obtaining their opinions concerning its value, appraised said ring at $300, which was more than 100 percent of its entered value, and by reason of said fact the ring was seized by the customs officials. Also by reason of this advance of more than 100 percent of its entered value, the statute makes said entry presumptively fraudulent.

Section 489, Tariff Act of 1930, relating to additional duties, provides in part as follows:

* * * If the appraised value of any merchandise exceeds the value declared in the entry by more than 100 per centum, such entry shall be *presumptively fraudulent*, and the collector shall seize the whole case or package containing such merchandise and proceed as in case of forfeiture for violation of the customs laws; and in any legal proceeding other than a criminal prosecution that may result from such seizure, the undervaluation as shown by the appraisal shall be *presumptive evidence* of fraud, and the *burden of proof* shall be on the claimant to *rebut* the same, and forfeiture shall be adjudged unless he rebuts such presumption of fraud by sufficient evidence. * * * [Italics ours.]

A commission was issued by this court to take the depositions of Mr. P. A. Holgerson, the petitioner's agent in Cuba, and the purchaser and shipper of said ring, Mr. George F. Moran. Said Moran, however, refused to, or at least did not, testify.

This entire transaction as disclosed by the record, in our opinion, casts suspicion upon it. To say the least, there was carelessness on the part of whoever the interested parties may be, which, in our opinion, the statute above quoted does not admit of condoning. The fact that the ring was purchased at a pawn shop should have been a warning sign to the purchaser and the petitioner in ascertaining the correct dutiable value of same.

This case, we think, is very analogous to that of *United States* v. *Aug. F. Stauff & Co.*, decided by our appellate court and reported in 25 C. C. P. A. 215, T. D. 49306.

Upon full consideration of the whole record we are of opinion, and so hold, that the evidence of the petitioner fails to establish that the entry of the mer-

chandise at a value less than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Said petition is therefore denied. Judgment will be rendered accordingly.